JUDGE HELLERSTEIN       13 CIV 8554

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AQUILES TORRES,

                         Plaintiff,

            -against-

Police Officer CHRISTOPHER RYAN, Shield No.
05948; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

RECEIVED
DEC 02 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Aquiles Torres ("plaintiff" or "Mr. Torres") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Christopher Ryan, Shield No. 05948 ("Ryan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ryan is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 3:00 a.m. on August 22, 2012, plaintiff was lawfully present in the vicinity of Pitt Street in the Chinatown neighborhood of Manhattan.

12.     As Mr. Torres walked down the street, a thief on a skateboard rode past him and swiped his cell phone from his hand.

13.     Mr. Torres pursued the thief but was unable to catch him.

14.     Plaintiff happened upon the 7th Precinct and went inside to get help.

15.     Mr. Torres wanted to make a report and provide a description of the thief.

16.     Inside the precinct, the defendants, including Officer Ryan, were extremely rude and hostile, refusing to take a report and making fun of Mr. Torres.

17.     Instead of acting as public servants and taking a report or helping Mr. Torres, the defendants verbally abused, handcuffed and falsely arrested him.

18.     The defendants intentionally applied painfully overtight handcuffs to plaintiff's wrists and kept him handcuffed in a precinct cell for several hours.

19.     During that time, the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff trespass inside the precinct and prepared false paperwork regarding the circumstances of plaintiff's arrest.

20.     At no point did the officers observe Mr. Torres trespass or commit any

-3-

other crime or offense.

21.     Later that day, Mr. Torres was taken to Manhattan Central Booking, also known as the Tombs, where he was held for approximately 18 hours.

22.     Plaintiff was arraigned in New York County Criminal Court and released.

23.     The criminal charges were adjourned in contemplation of dismissal.

24.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     The individual defendants created false evidence against plaintiff.

36.    The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

37.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    The individual defendants issued legal process to place plaintiff under arrest.

41.    The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to abuse their power and punish plaintiff for asking them to take a report about his stolen property.

42.    The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

43.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### First Amendment Retaliation

44.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.    The individual defendants violated plaintiff's First and Fourteenth Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights.  Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

46.    As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

47.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


Dated:      December 2, 2013
            New York, New York


                    HARVIS WRIGHT & FETT LLP



                    _____
                    Gabriel Harvis
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    gharvis@hwandf.com

                    *Attorneys for plaintiff*